ELAINE WHALEN AND THE SAYREVILLE EDUC. ASS'N, PETITIONERS-APPELLANTS, v. BD. OF EDUC. OF THE BORO. OF SAYREVILLE, MIDDLESEX CTY., RESPONDENT-RESPONDENT, AND STATE BD. OF EDUC., RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 19, 1983—Decided December 28, 1983.

Before Judges ARD, MORTON I. GREENBERG and TRAUT-
WEIN.

*Arnold S. Cohen* argued the cause for appellants (*Rothbard,
Harris & Oxfeld,* attorneys).

*Casper P. Boehm, Jr.,* argued the cause for respondent Bd. of
Educ. of the Boro. of Sayreville, Middlesex Cty. (*Boehm &
Campbell,* attorneys).

*Regina Murray Mahoney,* Deputy Attorney General, argued
the cause for respondent State Board of Education (*Irwin I.
Kimmelman,* Attorney General, attorney; *Deborah T. Poritz,*
Deputy Attorney General, of counsel; *June Kanter,* Deputy
Attorney General, on the brief).

The opinion of the court was delivered by

MORTON I. GREENBERG, J.A.D.

The factual and procedural background of this appeal is not
complicated. Petitioner, Elaine Whalen (hereinafter called
"Whalen"), was hired by the respondent, Board of Education of

the Borough of Sayreville (hereinafter called "Sayreville Board"), as a business education teacher effective September 1, 1973. This employment continued until June 30, 1979 when, notwithstanding her tenure, the Sayreville Board terminated her employment because of a reduction in its force. When discharged Whalen was earning $13,300 yearly on step five of a salary guide adopted by the Sayreville Board. From September 1, 1979 to June 30, 1981 Whalen was employed as a teacher of business education by the Woodbridge Board of Education. The Sayreville Board rehired Whalen as a tenured business education teacher effective September 1, 1981. At that time she was not given credit on the salary guide for her two years at Woodbridge. Thus she was placed on step six of the Sayreville Board's guide earning $15,575.

Whalen and her bargaining unit, petitioner Sayreville Education Association, filed an appeal with the commissioner of education (hereinafter called "Commissioner"). They alleged that the Sayreville Board had improperly denied her credit for the two years she had been employed in Woodbridge. Petitioners' appeal was transferred to the Office of Administrative Law. An administrative law judge subsequently rendered an initial decision which he said was a matter of first impression. The judge considered that the issue was whether a board of education upon rehiring a tenured teaching staff member pursuant to *N.J.S.A.* 18A:28–12 must give the teacher salary credit for the period of dismissal upon her rehiring. *N.J.S.A.* 18A:28–12 provides for a preferred eligibility list for persons laid off because of a reduction in force for economic reasons. Reemployment rights are based on seniority determined on previous years of service. The administrative law judge held that *N.J.S.A.* 18A:28–12 required only that Whalen be given credit toward computation of seniority on the basis of her service in Sayreville. The judge reached his conclusion because administrative regulations treated "previous years of services" within *N.J.S.A.* 18A:28–12 as limited to service for the rehiring district. *N.J.A.C.* 6:3–1.10(b). Thus the judge reasoned that Whalen's reemployment on the next step

after her last previous step on the Sayreville guide was appropriate.

The Commissioner on August 12, 1982 issued a decision affirming the findings and determination in the initial decision and adopting them as his own. The State Board of Education (hereinafter called "State Board") on February 1, 1983 affirmed the decision of the Commissioner for the reasons he expressed. Petitioners have appealed to us from the State Board.

On this appeal petitioners contend that: "The New Jersey Education Law mandates that Elaine Whalen be credited by the Board of [*sic*] salary purposes for the two (2) years she was employed by the Woodbridge Board of Education." Specifically petitioners assert that the State Board erred in considering this as a seniority case since this matter concerns salary. Petitioners assert that when a teacher is reemployed after being laid off for economic reasons, she must be credited for salary purposes with time spent employed in another school district. Petitioners point out that *N.J.S.A.* 18A:29–8 provides that any member, meaning a full-time teaching staff member (*N.J.S.A.* 18A:29–6), holding office in any school district shall be entitled to annual employment increments. *N.J.S.A.* 18A:29–7 requires annual increments (up to maximums not germane herein) based on "Years of Employment." A "Year of employment" includes employment for one academic year in any publicly owned and operated college, school or other institution of learning for one academic year in New Jersey or any other state or United States territory. *N.J.S.A.* 18A:29–6. Therefore petitioners contend that Whalen's two years in Woodbridge were years of employment for which she must be given credit on the salary guide.

Petitioners contend that *N.J.S.A.* 18A:28–12 which establishes reemployment rights must be read in *pari materia* with *N.J.S.A.* 18A:29–1 *et seq.* dealing with compensation. *N.J.S.A.* 18A:28–12 provides:

If any teaching staff member shall be dismissed as a result of such reduction, such person shall be and remain upon a preferred eligible list in the order of seniority for reemployment whenever a vacancy occurs in a position for which

such person shall be qualified and he shall be reemployed by the body causing dismissal, if and when such vacancy occurs and in determining seniority, and in computing length of service for reemployment, full recognition shall be given to *previous years of service,* and the time of service by any such person in or with the military or naval forces of the United States or of this state, subsequent to September 1, 1940 shall be credited to him as though he had been regularly employed in such a position within the district during the time of such military or naval service. [Emphasis supplied.]

Petitioners contend that "previous years of service" includes years in other school districts.

■ We agree with petitioners that this is not a seniority case. Therefore in our view this case is not controlled by *N.J.S.A.* 18A:28–12. In our view that section only specifies a rule to determine seniority for rehiring purposes. Thus while it does not provide for seniority to include employment in other than the rehiring district, *see N.J.A.C.* 6:3–1.10(b), such omission is not determinative of this case.

■ We disagree with petitioners, however, that any State law requires that Whalen be given credit for her Woodbridge service. *N.J.S.A.* 18A:29–7 establishes a State salary schedule with a maximum salary set forth on the schedule for a teacher with a doctor's degree and maximum experience of $8,550. The State schedule includes provision for $250 annual increments. The State guide, however, sets forth minimum salary and increments. *N.J.S.A.* 18A:29–12. Accordingly a local board is free to negotiate salary guides which are not less than those required by State law. *N.J.S.A.* 18A:29–4.1; *Bd. of Ed. Englewood v. Englewood Teachers,* 64 *N.J.* 1, 7 (1973). *N.J.S.A.* 18A:29–8 provides:

Any member holding office, position or employment in any school district of this state, shall be entitled annually to an employment increment until he shall have reached the maximum salary provided in the appropriate training level column in the preceding section.

The reference to "the preceding section" in *N.J.S.A.* 18A:29–8 is to the state schedule. But nothing in *N.J.S.A.* 18A:29–8 provides that a local salary schedule must include credit for years in other districts.

█ We recognize, of course, that in no event may the Sayreville Board pay less than the salary designated on the State guide. Thus if *N.J.S.A.* 18A:29–7 provided Whalen with a higher salary, taking into account the broad definition of years of employment in *N.J.S.A.* 18A:29–6, than the guide adopted by the Sayreville Board, *N.J.S.A.* 18A:29–7 would have to be followed in her case. But here it does not. Whalen, even without credit for her two years at Woodbridge, was reemployed at $15,575, a salary far in excess of the maximum for any teacher required in the State schedule. Accordingly *N.J.S.A.* 18A:29–8 is inapplicable here insofar as it requires credit for employment in other districts other than that rehiring Whalen.

We conclude therefore that petitioners are unable to point to any statute or regulation requiring that Whalen be credited with the time spent in Woodbridge for purposes of salary. Accordingly the decision of the State Board of Education dated February 1, 1983 is affirmed.