CAPE MAY COUNTY VOCATIONAL–TECHNICAL EDUCATION AS-SOCIATION, ON BEHALF OF ALBERT N. CLARK, JR., ED-WARD KELLY, ARTHUR MOLNAR, AND WILLIAM W. MOORE, PETITIONER-RESPONDENT, v. CAPE MAY COUNTY VOCATIONAL–TECHNICAL BOARD OF EDUCATION, COUN-TY OF CAPE MAY, RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted March 19, 1986—Decided June 30, 1986.

384

Before Judges BRODY, GAYNOR and BAIME.

*Barbour & Costa*, attorneys for appellant (*John T. Barbour*, on the brief).

*Selikoff & Cohen*, attorneys for respondent (*Barbara E. Riefberg*, on the brief).

*W. Cary Edwards*, Attorney General of New Jersey, attorney for State Board of Education (*David Earle Powers*, Deputy Attorney General, on the statement in lieu of brief).

The opinion of the court was delivered by

BRODY, J.A.D.

Petitioners William Moore, Albert Clark, Arthur Molnar and Edward Kelly are teachers employed by appellant Board of Education of the Cape May County Vocational-Technical School District. Moore was hired in 1970, Clark in 1973, Molnar in 1980 and Kelly in 1981. Petitioners contend that, in accordance with *N.J.S.A.* 18A:29–11, they are entitled to be placed on a higher step of the District's salary schedule because of their active military service before appellant hired them. Appellant contends that petitioners received their full military service credit at the time of hiring when it advanced them one step on its schedule for each two years of military service, the same credit appellant gave all new teachers for their prior teaching experience.

The Commissioner of Education and the State Board of Education adopted the initial decision of an administrative law

judge (ALJ) who had determined that the statute requires appellant to advance each petitioner a full step, not to exceed four, for each year of military service. The ALJ ordered that the adjustment be made as of February 3, 1983, for Moore and Clark, the date petitioners filed their petitions, and as of July 1983 for Molnar and Kelly, the date they received their regular teaching certificates. Without further elaboration, the ALJ stated, "It has been established that veterans who served on active military duty ... are eligible for military service credit under the statute."

In affirming, the State Board added only that petitioners "are entitled to receive equivalent years of employment credit as if employed as teachers during their time of military service for up to four years' service. *Lavin v. Board of Education of the Borough of Hackensack*, 90 *N.J.* 145." We remand for a calculation of the military service credit that may be due each petitioner in light of our interpretation of the relevant statutes.[1]

■ *N.J.S.A.* 18A:29–11 provides that a full-time teaching staff member, except one who is the holder of only an emergency certificate,

> shall be entitled to receive equivalent years of employment credit for [active military] service as if he had been employed for the same period of time in some publicly owned and operated college, school or institution of learning in this or any other state or territory of the United States, except that the period of such service shall not be credited toward more than four employment or adjustment increments.

For a local district that paid its teachers no more than the statutory minimum salary, the phrase "years of employment credit" in *N.J.S.A.* 18A:29–11 referred to advancment on the *N.J.S.A.* 18A:29–7 minimum salary schedule of one step for each year of employment. *N.J.S.A.* 18A:29–6 defined "year of employment," as used on that schedule, to mean

---

[1] We will refer in our discussion to *N.J.S.A.* 18A:29–6 and *N.J.S.A.* 18A:29–7, which were in effect in the 1983 adjustment year, but have since been repealed by the Teacher Quality Employment Act, *N.J.S.A.* 18A:29–5.1 *et seq.*, effective September 9, 1985.

employment by a member for one academic year in any publicly owned and operated college, school or other institution of learning for one academic year in this or any other state or territory of the United States;

Thus a teacher who qualified for the military service credit was entitled to be advanced one step on the minimum salary schedule for each year of military service as if he or she had been employed those years in any public school system in this country.

It is important to recognize, however, that the touchstone of the military service credit is giving a qualified veteran credit for a year's military service that is equivalent to the credit given for a year's teaching experience. If a local district paid its teachers on the basis of the statutory minimum salary schedule, the military service credit would be one step for each year of military service because *N.J.S.A.* 18A:29–7 advanced a teacher one step on that schedule for each year of teaching experience. However, if a local district paid its teachers more than the statutory minimum on the basis of its own higher salary schedule, it could require more than one year of military service to advance one step on its salary schedule so long as it required an equivalent amount of teaching experience for the same advancement. *See Whalen v. Sayreville Bd. of Educ.*, 192 *N.J.Super.* 453 (App.Div.1983), certif. den. 96 *N.J.* 312 (1984) (local school district may adopt its own salary schedule which does not give teacher credit for teaching experience in other districts so long as teacher is paid more than the statutory minimum).

We therefore hold that appellant could properly advance petitioners only a half step on its salary schedule for every year of military service if (1) that credit is equivalent to the credit it gave its teachers for teaching experience and (2) despite that fractional advancement petitioners were nevertheless paid in the adjustment year more than the minimum salary required by the statutory schedule on which one year of teaching experience entitles a teacher to advancement of a full step. *Lavin v. Hackensack Bd. of Ed.*, 90 *N.J.* 145 (1982), relied upon by the State Board, does not address this issue and is not to the contrary. We must remand because no findings were made

respecting the amount of the military service credits that appellant claims it gave petitioners and no ruling was made as to whether the credits, if given, were adequate in light of our holding.

■ In keeping with the *Lavin* Court's application of the doctrine of laches, the ALJ ordered appellant to advance petitioners Moore and Clark on the salary schedule as of February 3, 1983, the date on which they filed their petitions. Petitioners Molnar and Kelly did not become entitled to the military service credit until July 1983 when they were issued regular teaching certificates to replace their emergency certificates. We held earlier this term that when a teacher is issued a regular teaching certificate, he or she thereupon becomes a full-time teaching staff member entitled prospectively to advancement on the salary schedule for military service. *Camden County Vocational v. Board of Ed.*, 207 *N.J.Super.* 23, 26–27 (App.Div. 1986), certif. den. —— *N.J.* —— (1986). If petitioners are entitled to advancements on the salary schedule, the ALJ properly determined the dates as of which the adjustments are to be made.

Remanded for further proceedings consistent with this opinion.