726 A.2d 939

WARREN COUNTY VOCATIONAL–TECHNICAL SCHOOL EDU-
CATION ASSOCIATION AND DONALD PICOT, PLAINTIFFS–
APPELLANTS, v. WARREN COUNTY VOCATIONAL–TECHNI-
CAL SCHOOL BOARD OF EDUCATION AND FRANK MANCU-
SO, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS
SUPERINTENDENT OF SCHOOLS, DEFENDANTS–RESPON-
DENTS.

Superior Court of New Jersey
Appellate Division

Submitted October 26, 1998—Decided March 4, 1999.

2

Before Judges PETRELLA, CUFF and COLLESTER.

*Klausner* and *Hunter*, attorneys for appellants (*Stephen E. Klausner*, of counsel and on the brief).

*Schwartz, Tobia, Stanziale, Becker, Rosensweig* and *Sedita,* attorneys for respondents (*Frank R. Campisano,* of counsel and on the brief).

The opinion of the court was delivered by

COLLESTER, J.A.D.

Plaintiffs Warren County Vocational–Technical School Education Association (Educational Association) and Donald Picot appeal from an order of the Law Division granting summary judgment to defendants Warren County Vocational–Technical School Board of Education (Board) and Frank Mancuso and dismissing plaintiffs' complaint alleging that Picot did not receive proper salary adjustments upon his reinstatement as a teaching staff member of the Warren County Vocational–Technical School. We affirm.

Picot began working for the school district as a machine shop instructor in September 1969, beginning his employment on the fifth step of the district salary guide after receiving four years credit for prior individual experience. Picot progressed up the salary guide of sixteen steps so that he reached the top of the salary guide in 1981. In 1982, the collective bargaining agreement added an additional step, and Picot accordingly reached step seventeen. The school district restructured its guide into twelve steps in 1986, and Picot was again placed at the top of the salary guide to reflect that he accumulated twenty-one years of service to the district including credit for work experience. His salary was then $30,478 with a $100 longevity allowance.

In December 1986, the Board implemented a reduction in force which resulted in the abolishing of Picot's position. Pursuant to the requirements of *N.J.S.A.* 18A:28–12, the Board put him on a preferred eligibility list for reemployment in the event that any position for which he was qualified should become available. The Board also agreed that any future offer of reemployment would be without loss of years of service, any step on the salary guide or accumulated sick leave.

Picot entered the private employment market. Meanwhile, salaries for the vocational-technical school regularly rose each year. Since teachers at the maximum step level could not advance to a higher step, the Board initiated "off guide" increases in 1988 for teachers at the maximum step and continued each year thereafter to grant "off guide" increases. In August 1993, the Board notified Picot that it decided to re-open its machine shop to high school students and offered him employment for 1993–94 at a salary of $39,103, corresponding to the highest level of the Board's salary guide in effect at the time of Picot's hiring in 1993. With a longevity allowance of $559, the total salary offered was $39,662.

Picot accepted the reemployment, but he contends that he was entitled not only to be placed at the top of the salary guide but also to the three "off guide" increases of $2,300 per year that were granted to teaching staff during the time of his hiatus from school employment. The Board's position is that Picot has no contractual or statutory entitlement to the "off guide" increases.

Picot and the Educational Association filed a grievance. The matter was submitted for mandatory non-binding arbitration pursuant to the grievance procedure in the collective bargaining agreement. When the Board rejected the recommendation of the arbitrator, Picot and Educational Association filed a grievance in the form of a contested matter before the Office of Administrative Law where it was heard before an administrative law judge (ALJ). On March 29, 1995, the ALJ ordered the petition dismissed for lack of jurisdiction on the basis that primary jurisdiction of enforcement of contractual rights rests with the courts rather than the Commissioner. *Picot v. Warren County Vo–Tech Sch. Dist.,* OAL Docket No. Educ. 11445–93 (March 29, 1995). The Commissioner affirmed this decision on May 10, 1995. *Picot v. Warren County Vo–Tech Sch. Dist.,* 96 N.J.A.R.2d 27, 1995 WL 814827 (Educ.1995).

On November 8, 1995, Picot and the Educational Association filed a complaint in the Law Division against the Board and the Superintendent of Schools, Frank Mancuso, alleging that the

Board breached the collective bargaining agreement by placing Picot on an improper step of the salary guide for the school years from 1993 through 1996, and that Picot was denied his due process rights and contractual rights in violation of the Fourteenth Amendment and 42 *U.S.C.* § 1983. The Board sought summary judgment, contending that the collective bargaining agreement did not oblige the Board to grant "off guide" increases to reinstated staff members. The motion judge held that the statute requiring reinstatement after a reduction in force, *N.J.S.A.* 18A:28–12, dealt with seniority rather than salary and, furthermore, that the collective bargaining agreement did not entitle Picot to the payments sought. Since the motion judge found no statutory or contractual obligation for the Board to grant the "off guide" increases which occurred when Picot was not employed by the school district, partial summary judgment was granted for the final count of the complaint. The remaining counts were also dismissed by summary judgment after counsel for plaintiffs conceded that without a viable contract enforcement action, there was no cognizable property interest to enforce under the Fourteenth Amendment and 42 *U.S.C.* § 1983.

On appeal, plaintiffs again contend that Picot was entitled under contract and statute to receive the "off guide" increases that were rewarded when he was not an employee, noting that every teaching staff member received the "off guide" credit for every year after they received maximum.

*N.J.S.A.* 18A:28–12 provides that any teaching staff member dismissed as a result of a reduction in force shall

> . . .remain upon a preferred eligible list in the order of seniority for reemployment whenever a vacancy occurs in a position for which such person shall be qualified and he shall be reemployed by the body causing dismissal, if and when such vacancy occurs and in determining seniority, and in computing length of service for reemployment, full recognition shall be given to previous years of service.

A school board possesses the unfettered authority to set the salary of its employees including teachers under terms it deems to be in the best interest of the school district absent a statutory obligation imposed by the Legislature or a contractual

obligation imposed under a collective bargaining agreement. *See Cape May County Vo–Tech v. Cape May County,* 211 *N.J.Super.* 383, 387, 511 *A.*2d 1230 (App.Div.1986); *Whalen v. Sayreville Bd. of Educ.,* 192 *N.J.Super.* 453, 457–58, 471 *A.*2d 49 (App.Div.1983), *certif. denied,* 96 *N.J.* 312, 475 *A.*2d 601 (1984).

In *Whalen,* a tenured teacher was terminated because of a reduction in force and subsequently re-hired two years later without being given credit on the salary guide for the two year period she was employed as a teacher in another school district. We held that the directive of *N.J.S.A.* 18A:28–12 was solely a rule to determine seniority on re-hiring, not salary, and that a school board may negotiate salary guides provided that they are not less than those mandated by state law. *Whalen, supra,* 192 *N.J.Super.* at 457, 471 *A.*2d 49. Similarly, in *Belleville Educ. Ass'n v. Belleville Bd. of Educ.,* 209 *N.J.Super.* 93, 98, 506 *A.*2d 1276 (App.Div.1986) we noted that placement on a salary guide is not a managerial prerogative but rather a condition of employment within the scope of negotiability and a collective bargaining agreement. *Id.* at 98, 506 *A.*2d 1276.

Plaintiffs contend that the statutory term "seniority" in *N.J .S.A.* 18A:28–12 should be broadly interpreted to include "off guide" increases as part of protected seniority rights upon reemployment. They rely upon *Scavelli v. Clayton Bd. of Educ.,* 1978 *S.L.D.* 440 (Comm'r 1978) in which a tenured teaching staff member was discharged because of a reduction in force and subsequently reemployed in the same position. The petitioner successfully argued that he was entitled to receive the same salary upon rehire as others similarly situated who had been employed in the years of his absence. The Commissioner held that the salary specified on re-hirement was not commensurate with the "full recognition" for prior years of service mandated by *N.J.S.A.* 18A:28–12. However, *Scavelli* was a Commissioner's decision before *Whalen,* and is effectively overruled by its holding that *N.J.S.A.* 18A:28–12 specifies only a rule to determine seniority for re-hiring and not salary disputes of reinstated teachers. *Whalen,*

192 *N.J.Super.* at 457, 471 *A.2d* 49. *See also, Belleville Educ. Ass'n, supra,* 209 *N.J.Super.* at 98, 506 *A.2d* 1276.

Plaintiffs also place mistaken reliance upon *Buena Regional Bd. of Educ. v. Buena Regional Educ. Ass'n,* 300 *N.J.Super.* 415, 693 *A.2d* 159 (App.Div.), *certif. denied,* 151 *N.J.* 466, 700 *A.2d* 879 (1997) for its contention that salary levels for prior years of service should be protected as a seniority right upon re-hiring. In *Buena Regional,* we interpreted the statutory term "seniority" in the context of *N.J.S.A.* 18A:28–6.1, construing the statute to preserve basic employment rights including tenure, pension rights and eligibility for longevity payments for teachers in a school district which enters into a sending-receiving relationship with another school district. We did not interpret seniority rights and salary provisions in the context of eligibility for reinstatement. *See Whalen, supra,* 192 *N.J.Super.* at 456–57, 471 *A.2d* 49. We conclude that there is no statutory obligation to support plaintiffs' claims for "off guide" credit.

█ A review of the collective bargaining agreement between the Board and the Educational Association provides that the Board has the right to set initial salaries and that salary increases are governed by the salary guide contained in the agreement. No provision of the collective bargaining agreement can be interpreted to obligate the Board to grant "off guide" increases to reinstated teachers earned by other employees during a period when the teacher was employed outside of the employment of the Board. Picot was reinstated at the top step of the effective salary guide at an amount in excess of the statutory prescribed minimum. No statutory or contractual provision obliged the Board to pay additional "off guide" increases. While plaintiffs claim an inequity because other teachers employed by the Board with the same level of experience earn more than Picot because of the "off guide" credits, any unfairness or inequity of this nature must be resolved through the collective bargaining process as opposed to our re-writing the collective bargaining agreement. *See Stone Harbor v. Local 59, P.B.A.,* 164 *N.J.Super.* 375, 385, 396 *A.2d* 607 (App.Div. 1978), *certif. denied,* 81 *N.J.* 270, 405 *A.2d* 815 (1979).

 We hold further that plaintiffs' due process contentions under the Fourteenth Amendment and 42 *U.S.C.A.* § 1983 fail since there is no deprivation of a protected property interest. *See Balzano v. Township of North Bergen,* 649 *F.Supp.* 807 (D.N.J. 1986). Moreover, no Federal right exists where the State has provided an adequate means of pursuing the claim. *Grimes v. City of East Orange,* 285 *N.J.Super.* 154, 167, 666 *A.*2d 613 (App.Div.1995); *Silverman v. Rent Leveling Bd. of Cliffside Park,* 277 *N.J.Super.* 524, 538, 649 *A.*2d 1342 (App.Div.1994), *certif. denied* 139 *N.J.* 443, 655 *A.*2d 445 (1995). Picot was provided with a grievance procedure by the Board, argued his case before an arbitrator pursuant to the collective bargaining agreement, had a hearing before the ALJ which was reviewed by the Commissioner, and commenced an action in the Law Division resulting in this appeal. He has received ample due process.

Affirmed.